**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Winters, Jr., | ) | No. CV-20-01290-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Loan Depot LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Defendant LoanDepot.com LLC ("LoanDepot")'s Motion to Stay Discovery. (Doc. 31) Defendant moves to stay discovery until the Court rules on its pending Motion to Strike Class Allegations (Doc. 29); Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, to Stay Pending the Ninth Circuit's Review of *Perez* (Doc. 28); and Fed. R. Civ. P. 12(b)(2) Motion to Dismiss Non-Arizona Class Members' Claims for Lack of Personal Jurisdiction. (Doc. 30) The Motion to Stay Discovery is ripe for review. (Docs. 32, 35) For the following reasons, the Motion (Doc. 31) will be granted.

**I.     BACKGROUND**

This case was brought under the Telephone Consumer Protection Act ("TCPA") on June 30, 2020. (Doc. 1 at 1) Plaintiff Richard Winters, Jr. has alleged Defendant LoanDepot contacted or attempted to contact him on his cellular phone by prerecorded messaging and without "prior express consent." (Doc. 27 at ¶¶7–12) The case was previously stayed pending resolution of the Supreme Court case *Facebook, Inc. v. Duguid*. (Doc. 23 at 3)

Following the decision, the Court lifted the stay (Doc. 26), Plaintiff filed a Second Amended Complaint (Doc 27), and Defendant filed the four currently pending motions. (Docs. 28, 29, 30, 31) Defendant filed two motions to dismiss (Docs. 28, 30), one motion to strike class allegations (Doc. 29), and the instant motion to stay discovery. (Doc. 31) One motion to dismiss is based on subject matter jurisdiction and failure to state a claim (Doc. 28) and the other is based on personal jurisdiction. (Doc. 30)

There has not yet been a Fed. R. Civ. P. ("Rule") 16 conference or scheduling order. Discovery has not yet begun. (Doc. 31 at 2) Defendant now seeks to stay discovery pending the Court's ruling on its three other motions. (Docs. 28, 29, 30) Plaintiff opposes the motion to stay. (Doc. 32 at 1)

## II. LEGAL STANDARD

It is well established that a court has inherent power to control its docket and may stay discovery or the decision of a pending motion. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936), *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988*), Prostrollo v. City of Scottsdale*, No. CV-12-1815-PHX-SMM, 2013 WL 11394250, at *1 (D. Ariz. Oct. 9, 2013).

Courts may stay discovery for many reasons, including furthering efficiency for itself and the litigants. *Little*, 863 F.2d at 685. Discovery may also be stayed pending rulings on dispositive or potentially dispositive motions. *See Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-01511-PHX-DLR, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).

## III. DISCUSSION

Defendant argues resolution of pending motions will either dispose of or "substantially narrow" the claims in this case. (Doc. 31 at 2) Defendant further argues Plaintiff will not suffer harm or prejudice because of the stay, and rather, Defendant would be burdened by moving forth with discovery when the pending motions may render it moot. (Doc. 31 at 2) Plaintiff responds that the motion to stay is prohibited by the undersigned Judge's standing order, that Plaintiff will be prejudiced by a stay, and that the pending

motions are not likely to succeed and thus discovery should move forward now. (Doc. 32 at 5–10)

As a preliminary matter, the standing order referenced by Plaintiff prohibits the filing of motions pertaining to discovery disputes without leave of court.[1] The instant motion is not a discovery dispute motion; it is a motion to stay that happens to *affect* discovery. Although the Court appreciates Plaintiff's creative argument, it is unavailing. Second, the Court finds Plaintiff's arguments concerning prejudice due to potential destruction of evidence equally unavailing. Discovery has not yet begun, and the Court has not yet issued a scheduling order; both facts weighing in favor of granting the stay. *See Verco Decking, Inc. v. Consol. Sys., Inc.*, No. CV-11-2516-PHX-GMS, 2012 WL 12827398, at *5 (D. Ariz. Oct. 29, 2012) (finding the fact that the case was at an early stage went in favor of granting a stay); *Medicis Pharm. Corp. v. Upsher-Smith Lab'ys, Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007) (internal citations omitted) (granting a stay when parties had not yet conducted "significant discovery").

Finally, the pending motions to dismiss are brought pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). *See supra* I. "Staying discovery pending resolution of a motion to dismiss is permissible when the motion raises only legal issues." *Lazar*, 2014 WL 12551210 at *1 (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984)). This Court further stated that that if a pending motion is "potentially dispositive of the *entire* case, and if the motion is not dependent on additional discovery, a stay is justified." *Lazar*, 2014 WL 12551210 at *1 (emphasis added). Such a stay "furthers the goal of efficiency for the courts and litigants." *Id.* (citing *Mlejnecky v. Olypus Imaging America, Inc.*, No. 2:10-CV-02630-JAM-KJN, 2011 WL 489743 at *6 (E.D. Cal. Feb. 7, 2011) (quoting *Little*, 863 F.2d at 685)).

The Court in *Rae v. Union Bank* explained that when a 12(b) motion does not raise

---

[1] Hon. Steven P. Logan, *Standard Rule 16 Case Management Order*, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA 1, 4, https://www.azd.uscourts.gov/sites/default/files/judge-orders/SPL%20Case%20Mgmt%20Order%20%28after%20May%201%202017%29.pdf.

factual issues, discovery is not necessary. 725 F.2d at 481. Here, the first motion to dismiss is based on issues of subject matter jurisdiction that turn on the Ninth Circuit's interpretation of a recent Supreme Court holding. (Doc. 28 at 6) These are entirely legal questions and the Court would not be aided by facts subject to discovery in resolving them. Furthermore, the motion to dismiss (Doc. 28) is one that, if granted, would dispose of the case in its entirety, rendering the other two pending motions moot.

Because the case is still in its infancy and the Court need not resolve any factual issues when deciding the pending motion to dismiss, a stay is appropriate and accomplishes the goal of furthering efficiency.

Therefore,

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (Doc. 31) is **granted**.

Dated this 23rd day of June, 2021.

Honorable Steven P. Logan
United States District Judge