**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters, Jr., | No. CV-20-01290-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Loan Depot, LLC, | |
| Defendant. | |

Before the Court are Defendant LoanDepot.com LLC ("LoanDepot")'s Motion to Dismiss the Second Amended Complaint or, in the Alternative, to Stay Pending the Ninth Circuit's Review of *Perez*, 20-15946 (Doc. 28) and Motion to Dismiss Non-Arizona Class Members' Claims for Lack of Personal Jurisdiction. (Doc. 30) Plaintiff has filed responses to both Motions. (Docs. 37, 38) Also before the Court is Defendant's Motion to Strike Class Allegations (Doc. 29), which has been fully briefed. (Docs. 33, 34)

For the following reasons, the case will be stayed pending the Ninth Circuit's review of *Perez v. Rash Curtis & Assoc.*, (9th Cir. May 19, 2020) (No. 20-15946).

The instant case was brought under the Telephone Consumer Protection Act ("TCPA") on June 30, 2020. (Doc. 1 at 1) Plaintiff Richard Winters, Jr. has alleged Defendant LoanDepot contacted or attempted to contact him on his cellular phone by prerecorded messaging and without "prior express consent." (Doc. 27 at ¶¶7–12) The case was previously stayed pending resolution of the Supreme Court case *Facebook, Inc. v. Duguid*, 592 U.S. ___ (2021). (Doc. 23 at 3) Following the Supreme Court's decision, the

Court lifted the stay. (Doc. 26) Plaintiff filed a Second Amended Complaint on May 5, 2021 that narrowed his claims. (Docs. 27, 28 at 3) Defendant now seeks to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6), or in the alternative, stay the case pending the Ninth Circuit's decision in *Perez*. (Doc. 28 at 3) Plaintiff filed a response opposing the motion, but did not respond to Defendant's arguments regarding the stay. (Doc. 38)

One of the issues before the Ninth Circuit in *Perez* is whether a district court can exercise jurisdiction over an alleged violation of the TCPA that occurred when the TCPA was unconstitutional as ruled in *Barr v. Am. Ass'n of Political Consultants ("AAPC")*, 140 S. Ct. 2335, 591 U.S. ___ (2020). *See* Brief for Appellant at 14–15, Brief for Appellee at 66–67, *Perez*, (9th Cir.) (No. 20-15946). The Supreme Court in *Barr* held that the government-backed debt exception to the TCPA was unconstitutional and severed it. 140 S. Ct. at 2356. It is currently disputed whether the entire TCPA was unconstitutional during the time the government-backed debt exception was in effect, or just that provision. *Barr* includes a footnote that states that the Supreme Court's decision does not negate the rest of the TCPA for the relevant period, but there is disagreement about how many justices joined in the footnote, authored by Justice Kavanaugh. *Barr*, 140 S. Ct. at 2355, n.12. Various U.S. District Courts have ruled inconsistently, some finding the footnote binding,[1] others not.[2] The issue is now in front of the Ninth Circuit. Oral argument is set for August

---

[1] *Franklin v. Navient, Inc.*, 2021 WL 1535575 (D. DE April 19, 2021); *Massaro v. Beyond Meat, Inc.*, 2021 WL 948805 (S.D. Cal. March 12, 2021); *McCurley v. Royal Sea Cruises, Inc.*, 2021 WL 288164 (S.D. Cal. Jan. 28, 2021); *Stoutt v. Travis Credit Union*, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021); *Shen v. Tricolor California Auto Grp., LLC*, No. CV 20-7419 PA (AGRX), 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020), *motion to certify appeal denied*, No. CV 20-7419 PA (AGRX), 2021 WL 1153361 (C.D. Cal. Feb. 11, 2021); *United States v. Miselis*, 2020 WL 5015072, at *16 (4th Cir. Aug. 24, 2020); *Lacy v. Comcast Cable Commc'ns, LLC*, 2020 WL 4698646, at *1 (W.D. Wash. Aug. 13, 2020); *Burton v. Fundmerica, Inc.*, 2020 WL 4504303, at *1 (D. Neb. Aug. 5, 2020); *Crossley v. Cal.*, 2020 WL 4747723, at *8 (S.D. Cal. Aug. 17, 2020); *Salerno v. Credit One Bank, N.A.*, 2020 WL 4339219, at *3 (W.D.N.Y. July 28, 2020).

[2] *Cunningham v. Matrix Fin. Servs.*, LLC, No. 4:19-CV-896, 2021 WL 1226618 (E.D. Tex. Mar. 31, 2021); *Creasy v. Charter Commc'ns, Inc.*, 489 F. Supp. 3d 499 (E.D. La. 2020), judgment entered, No. CV 20-1199, 2020 WL 7646640 (E.D. La. Dec. 23, 2020) *Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc.*, No. 5:20-CV-38-OC-30PRL, 2020

31, 2021. Notice of Oral Argument, *Perez*, (9th Cir. 2021) (No. 20-15946).

If the Ninth Circuit finds the entire TCPA was unconstitutional during that period, it would rob this Court of its jurisdiction over the claims against Defendant. (Doc. 28 at 16) Defendants argue the TCPA was unconstitutional during that time. (Doc. 28 at 6) Plaintiff argues the TCPA was not unconstitutional during that time and thus the Court has jurisdiction. (Doc. 38 at 2–3) Plaintiff's response brief does not address Defendant's arguments in favor of a stay or acknowledge *Perez* at all.

It is well established that a court has inherent power to control its docket and may stay proceedings for a number of purposes, including "economy of time and effort." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997). This Court considered the necessary factors when granting the stay pending the outcome of *Duguid*. (Doc. 23 at 2–3) "In determining whether to grant a stay, the Court balances (1) the harm a stay would cause the non-moving party, (2) the harm the moving party would suffer in the absence of a stay, and (3) interests of judicial economy." *Id.* citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). In considering those factors again, the Court finds they again weigh in favor of granting the stay.

Furthermore, Plaintiff failed to respond to Defendants' arguments regarding the stay, which the Court may construe as consent to granting the Motion to Stay. *See Fiori v. Peoria Police Dep't*, No. CV-19-03074-PHX-DJH, 2020 WL 95436, at *1 (D. Ariz. Jan. 8, 2020) (first citing *Garcia v. GMAC Mortgage, LLC*, 2009 WL 2782791, at * 1 (D. Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived."); then citing *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D. Ariz. 2008) ("[T]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants argument")). Because Plaintiff did not respond to the proposed stay, the Court will construe it as consent.

Accordingly,

WL 7346536 (M.D. Fla. Dec. 11, 2020); *Lindenbaum v. Realgy*, LLC, 497 F. Supp. 3d 290 (N.D. Ohio 2020).

**IT IS ORDERED** that Defendant's Motion to Dismiss the Second Amended Complaint or, in the Alternative, to Stay Pending the Ninth Circuit's Review of *Perez*, 20-15946 (Doc. 28) is **granted in the alternative** as follows:

    I.      This action is stayed pending the Ninth Circuit's resolution of *Perez v. Rash Curtis & Assoc*.

    II.    The Motion to Dismiss filed pursuant to Rules 12(b)(1) and 12(b)(6) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Class Allegations (Doc. 29) and Motion to Dismiss Non-Arizona Class Members' Claims for Lack of Personal Jurisdiction (Doc. 30) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall file a joint notice with the Court no more than **three (3) days** after the resolution of *Perez*.

**IT IS FURTHER ORDERED** that Defendant may refile any of the above motions no more than **ten (10) days** of the resolution of *Perez*.

Dated this 30th day of June, 2021.

Honorable Steven P. Logan
United States District Judge