David S. Norris (AZ Bar No. 034309)
david.norris@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Eric J. Troutman (*pro hac vice*)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

*Attorneys for Defendant loanDepot.com, LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Winters Jr., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LoanDepot, LLC,<br><br>Defendant. | Case No. CV-20-01290-PHX-SPL<br><br>**DEFENDANT LOANDEPOT.COM, LLC'S MOTION TO STAY DISCOVERY** |

Defendant loanDepot.com, LLC's ("loanDepot") respectfully moves this Court for an order staying discovery pending the Court's ruling on loanDepot's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, to Stay Pending the Ninth Circuit's Review of *Chennette*, No. 20-35962; and its Motion to Strike Class Allegations or, in the Alternative, to Strike Non-Arizona Class Members' Claims (the "Pending Motions").[1] As set forth in the accompanying Memorandum, the Court should stay

---

[1] The Court previously granted loanDepot's similar motion [ECF No. 36]. The Court subsequently granted a stay pending the Ninth Circuit's resolution of *Perez v. Rash Curtis & Assoc.*, No. 20-15946 [ECF No. 40], and instructed loanDepot to refile appropriate motions after the resolution of *Perez*. [ECF No. 42]. loanDepot files the current Motion and its Pending Motions pursuant to the parties' Joint Stipulation [ECF No. 41] and the Court's corresponding Order [ECF No. 42].

discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in the action.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

A stay of discovery is warranted in this case because loanDepot has raised challenges to Plaintiff Richard Winters Jr. and the putative class members' claims, and has shown good cause to stay discovery while threshold issues are pending before the Court in loanDepot's Pending Motions. Prior to ruling on the Pending Motions, any discovery would be premature, potentially unnecessary, and disproportionate to the needs of the case. *See Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (stay of discovery permits "deferral of costly and . . . potentially dispositive preliminary issues.").

The Court should stay discovery in this proceeding because resolution of the Pending Motions will dispose of or substantially narrow the scope of claims in the action. Good cause exists to stay discovery given that Plaintiff will suffer no harm or prejudice from a stay pending the outcome of loanDepot's motions and that loanDepot would, on the other hand, face significant burdens in incurring potentially needless time, expense, and effort in discovery that may very well prove moot or unnecessary pending the Court's rulings. Plaintiff has no urgent need for discovery while loanDepot's motions remain pending; this case is at a nascent stage where no answer has been filed, and no discovery has been taken or exchanged.

To secure the "just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, and to protect the parties from the significant burden and expense of discovery in a potentially moot action, loanDepot respectfully requests that the Court stay all discovery in this action, including pretrial deadlines, entry of a scheduling order, and all other disclosure and conference requirements, pending the Court's disposition of loanDepot's Pending Motions.

## II. ARGUMENT

### A. Legal Standard.

It is within the inherent power of this Court to manage the discovery process. *See, e.g.*, *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *In re Nexus 6p Prods. Liab. Litig.*, No. 17-v-02185-BLF, 2017 U.S. Dist. LEXIS 132698, at *3 (N.D. Cal. Aug. 18, 2017) (finding court's "discretion extends to staying discovery upon a showing of 'good cause' [under Federal Rule of Civil Procedure 26(c)(1)]."). This power extends to controlling the timing and sequence of discovery. *See* Fed. R. Civ. P. 26(d)(1). The court further has broad discretion to stay discovery in a case while a dispositive motion is pending. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280 (9th Cir. 1977); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672 (S.D. Cal. 2001). "[T]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Father M. v. Various Tort Claimants*, 661 F.3d 417, 424 (9th Cir. 2011) (internal citation omitted). Good cause for a stay of discovery has been found when further discovery will impose undue burden or expense without aiding the resolution of pending dispositive motions. *See, e.g.*, *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-36 (5th Cir. 1990).

### B. The Court Should Stay Discovery until Resolutions of the Pending Motions.

The Court may limit discovery so "that certain matters [may] not be inquired into, or that the scope of disclosure or discovery be limited to certain matters" upon a showing of good cause or where ". . . justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(4). Courts in the Ninth Circuit have generally followed a two-pronged analysis in deciding a motion to stay discovery. *Al Otro Lado, Inc. v. Nielsen*, No. 3:17-cv-02366-BAS-KSC, 2018 U.S. Dist. LEXIS 16921, at *5 (S.D. Cal. Jan. 31, 2018). A moving party meets the good cause requirement of Federal Rule of Civil Procedure 26(c) when the Court finds (1) the pending

1 motion is potentially dispositive of the entire case, and (2) it can be decided absent
2 additional discovery. *Id.* (citing *Adams v. AllianceOne, Inc.*, 2008 WL 11336721 (S.D. Cal.
3 Oct. 22, 2008)).

4       Here, the first prong is satisfied because loanDepot has filed two dispositive motions
5 that are potentially dispositive of the entire case. First, loanDepot has filed a motion to
6 dismiss under Rules 12(b)(1) and 12(b)(6) that may dispose of Plaintiff and the putative
7 class members' claims against loanDepot because, at the time the call at issue was placed,
8 the TCPA was an unconstitutional, content-based restriction on speech, and it remains
9 unconstitutional to this day. *See, e.g.*, *Cunningham v. Matrix Fin. Servs.*, Civil Action No.
10 4:19-cv-896, 2021 U.S. Dist. LEXIS 62875, at *30-31 (E.D. Tex. Mar. 31, 2021) ("[T]he
11 necessary conclusion is that § 227(b)(1)(A)(iii) was unconstitutional from the moment
12 Congress enacted the government debt exception until the Supreme Court handed down its
13 decision in AAPC."). Because the TCPA was unconstitutional at the time of the call at issue
14 and remains unconstitutional to this day, it cannot be enforced against loanDepot in this
15 case, and this Court lacks subject matter jurisdiction over Plaintiff's claims. As such, the
16 resolution of this motion may dispose of the action entirely.

17       Second, loanDepot has also filed a motion to strike class allegations that may dispose
18 of all claims by the putative class members against loanDepot. Plaintiff's proposed class is
19 facially overbroad and cannot meet the requirements under Rule 23 of the Federal Rules of
20 Civil Procedure. As discussed in loanDepot's Motion to Strike Class Allegations,
21 Plaintiff's proposed class is not defined based on objective criteria but instead relies on the
22 liability determination, which constitutes an improper failsafe class. In sum, the proposed
23 class is facially uncertifiable in a manner that discovery cannot resolve, and therefore
24 Plaintiff's class allegations should be stricken as a matter of law. *See*, *e.g.*, *Brazil v. Dell,*
25 *Inc.*, 585 F. Supp. 2d 1158, 1166-67 (N.D. Cal. 2008). As such, the resolution of this motion
26 may entirely dispose of all putative class members' claims. In addition, in the alternative to
27 its motion to strike all class allegations, loanDepot has moved to strike the claims of non-
28 Arizona class members for lack of personal jurisdiction. As set forth in the Motion, the

Court lacks general jurisdiction over loanDepot, which is not "at home" in Arizona. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Specifically, loanDepot is a Delaware limited liability company with its principal place of business in California.[2] Nor does the Court have specific jurisdiction over loanDepot with respect to the non-Arizona class members' claims. There are no allegations or evidence that the alleged calls made by loanDepot to non-Arizona residents have any connection to, or nexus with, the State of Arizona. As such, the resolution of this motion may entirely dispose of all the non-Arizona class members' claims.

Good cause exists for granting the instant motion to stay discovery because resolutions of the Pending Motions will potentially eliminate the entire or a substantial part of the case by Plaintiff or the putative class members, and can be decided absent additional discovery. *Al Otro Lado, Inc.*, 2018 U.S. Dist. LEXIS 16921, at *5; *see also Lazar v. Charles Schwab & Co.*, No. CV-14-01511-PHX-DLR, 2014 U.S. Dist. LEXIS 190250, at *2-3 (D. Ariz. Sep. 18, 2014) ("Staying discovery pending resolution of a motion to dismiss is permissible when the motion raises only legal issues. If a pending motion to dismiss is potentially dispositive of the entire case, and if the motion is not dependent on additional discovery, a stay is justified. (citations omitted)). Such a stay "furthers the goals of efficiency for the courts and litigants." *Lazar*, 2014 U.S. Dist. LEXIS 190250, at *3 (citations omitted).

Further, granting the instant motion will not prejudice Plaintiff or disrupt the Court's schedule. Because the parties have not held a Rule 26(f) conference, no discovery has been served, and no scheduling order is in place. Courts within the Ninth Circuit have previously stayed discovery in similar circumstances, where discovery "ha[d] not yet commenced in [the] case" and discovery was not necessary to resolve a pending motion, finding that the

---

[2] *See* Declaration of Rod Halperin in Support of loanDepot's Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 19-1] ¶ 3.

stay "[would] not prejudice either party, and [would] conserve the parties' and the court's resources." *See Harris v. Am. Gen. Fin. Servs. LLC*, No. 2:10-cv-01662-GMN-LRL, 2010 U.S. Dist. LEXIS 127484, at *2-3 (D. Nev. Dec. 1, 2010) (staying discovery of putative class action brought under TCPA and Fair Credit Reporting Act pending motion to dismiss).

Under these circumstances, this Court should not require loanDepot to participate in discovery concerning the substance of Plaintiff's SAC pending its decisions on the Pending Motions. This is particularly true in a putative class action under the TCPA. The burden on a class action defendant in responding to discovery is undoubtedly large. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of the evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs). That burden is only compounded in TCPA class actions, where the plaintiff may demand burdensome and expensive discovery regarding every call a defendant made during the class period. Because of this burden, the Court should again stay discovery until it is determined which claims and parties are properly before the Court.

Here, not only are Plaintiff's individual claims in question for failure to state a claim, but loanDepot has also separately outlined grounds to strike or at least narrow the scope of the putative class. Thus, the scope of relevance and whether particular discovery would be proportionate to the needs of the case is far from clear. Certainly, it makes little sense for the parties to engage in time-consuming and expensive—yet potentially unnecessary—discovery when the ruling on any of loanDepot's motions could render those efforts a nullity. Courts within the Ninth Circuit have found that a stay is appropriate in similar circumstances, a putative class action arising under the TCPA, "[g]iven the case's complex procedural posture" and "for the sake of efficiency." *See Edwards v. Conn Appliances, Inc.*, No. 2:18-cv-01998-APG-BNW, 2019 U.S. Dist. LEXIS 127354, at *5-6 (D. Nev. July 30, 2019) (staying discovery pending court's order on motions to dismiss, to strike, to stay the action, to compel arbitration, and to amend the complaint). Indeed, as this Court held

previously in staying this action pending the outcome loanDepot's prior dispositive motions: "Discovery has not yet begun, and the Court has not yet issued a scheduling order; both facts weighing in favor of granting the stay." Order [ECF No. 36] at 3. This remains true. To allow discovery in this case to go forward and then have all or part of loanDepot's motions granted would cause only a waste of the Court's and the parties time and resources.

loanDepot's request for a stay of discovery is reasonable and appropriate under the circumstances, and granting this request will not cause any prejudice to Plaintiff. Quite the contrary, proceeding with discovery now would prejudice loanDepot, compelling loanDepot to engage in discovery of issues that may be deemed completely irrelevant pending the Court's resolution of its motions.

### III.   CONCLUSION

For the foregoing reasons, loanDepot respectfully requests that the Court stay discovery until the Court rules on loanDepot's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the Alternative, to Stay Pending the Ninth Circuit's Review of *Perez*; Motion to Dismiss Non-Arizona Class Members' Claims for Lack of Personal Jurisdiction; and Motion to Strike Class Allegations.

RESPECTFULLY SUBMITTED this 22nd day of November, 2021.

By: */s/Eric J. Troutman*
Eric J. Troutman (*pro hac vice*)
eric.troutman@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: (213) 624-2500
Facsimile: (213) 623-4581

David S. Norris (AZ Bar No. 034309)
david.norris@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

Attorneys for Defendant loanDepot.com, LLC

## L.R. Civ 12.1 (c) CERTIFICATION

Pursuant to this Court's Preliminary Order [ECF No. 5] and LRCiv 12.1 (c), I certify that counsel for Defendant loanDepot.com, LLC notified the opposing party of the issues asserted in this motion pursuant to Rule 12(b)(6) by email, and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

*/s/ Eric J. Troutman*
Eric J. Troutman