1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

8
9
10
11
12
13
14

| | | |
|---|---|---|
| Richard Winters, Jr., | ) | No.  CV-20-01290-PHX-SPL |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Loan Depot LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

15
16
17
18
19

Before the Court is Defendant LoanDepot.com LLC's Motion to Stay Discovery (Doc. 44), in which it requests that the Court stay discovery pending the Court's rulings on two other motions (Docs. 43, 45). The Motion, Response, and Reply are nearly identical to ones filed by the parties about six months ago prior to a stay of the case, and the Motion will again be granted.

20

**I.     BACKGROUND**

21
22
23
24

This case was brought under the Telephone Consumer Protection Act ("TCPA") on June 30, 2020. (Doc. 1). Plaintiff Richard Winters, Jr. alleges Defendant contacted or attempted to contact him on his cellular phone by prerecorded messaging and without "prior express consent." (Doc. 27 at ¶¶ 7–12).

25
26
27
28

The case was first stayed pending resolution of the Supreme Court case *Facebook, Inc. v. Duguid*. (Doc. 23 at 3). Following the Supreme Court's decision, this Court lifted the stay (Doc. 26), and Plaintiff filed a Second Amended Complaint (Doc. 27). Defendant then filed a motion to dismiss based on subject matter jurisdiction and failure to state a

claim or in the alternative, to stay pending the Ninth Circuit's review of *Perez v. Rash Curtis & Assoc.*, No. 20-15946 (Doc. 28); a motion to dismiss based on personal jurisdiction (Doc. 30); a motion to strike class allegations (Doc. 29); and a motion to stay discovery (Doc. 31). On June 23, 2021, the Court granted the motion to stay discovery until it ruled on the other pending motions. (Doc. 36). On July 1, 2021, the Court granted the motion in the alternative to stay the case pending the Ninth Circuit's resolution of *Perez* and denied the other motions without prejudice, granting Defendant leave to refile them after the stay was lifted. (Doc. 40).

On November 17, 2021, the parties filed a Joint Status Report advising the Court that the Ninth Circuit dismissed the *Perez* appeal pursuant to a stipulation of settlement. (Doc. 41). The Court therefore lifted the stay and set a November 22, 2021 deadline for Defendant to refile any appropriate motions. (Doc. 42).

Defendant then filed the three pending motions in this case. First, Defendant filed a Motion to Strike Class Allegations or, Alternatively, to Strike Non-Arizona Class Members' Claims (Doc. 43), which raises the same or similar arguments as its previous motion to strike class allegations (Doc. 29) and motion to dismiss for lack of personal jurisdiction (Doc. 30). Second, Defendant filed the Motion to Stay Discovery (Doc. 44), which the Court addresses in this Order and is essentially identical to its previous motion to stay discovery (Doc. 31) that the Court granted (Doc. 36). Third, Defendant filed a Motion to Dismiss the Second Amended Complaint or, in the Alternative, to Stay Pending the Ninth Circuit's Review of *Chennette*, No. 20-35962 (Doc. 45), which raises the same or similar issues as its previous motion to dismiss or, alternatively, to stay pending review of *Perez* (Doc. 28).

As when the Court decided Defendant's previous motion to stay discovery, there has not yet been a Fed. R. Civ. P. ("Rule") 16 conference or scheduling order, and discovery has not yet begun. (Docs. 36 at 2; 44 at 2). And like Defendant's previous motion, the instant Motion requests that discovery be stayed only until the Court rules on other pending motions.

## II.     DISCUSSION

It is well established that a court has inherent power to control its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts may stay discovery for many reasons, including furthering efficiency for itself and the litigants. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Discovery may be stayed pending rulings on dispositive or potentially dispositive motions. *See Lazar v. Charles Schwab & Co. Inc.*, No. CV-14-01511-PHX-DLR, 2014 WL 12551210, at *2 (D. Ariz. Sept. 19, 2014).

Plaintiff raises the same three arguments in opposition to the Motion as it did to Defendant's previous motion to stay discovery: (1) this Court's standing order prohibits discovery motions without leave of the Court; (2) a stay of discovery will severely prejudice Plaintiff due to potential destruction of evidence; and (3) Defendant's other pending motions are likely to be denied. (Doc. 46). The Court is baffled as to why Plaintiff would persist with the same arguments, almost entirely word-for-word, that the Court already found unavailing when it granted Defendant's previous motion to stay discovery pending other rulings. The Court rejected Plaintiff's first argument because it misapplies the Court's standing order, which remains true. (Doc. 36 at 3). The Court rejected Plaintiff's second argument because discovery had not yet begun and the Court had not yet issued a scheduling order, both of which remain true. (Doc. 36 at 3). And the Court rejected Plaintiff's third argument because the pending motions involved entirely legal questions; discovery would not assist in their resolution; and one of the motions, if granted, would dispose of the case in its entirety—all of which are again true. (Doc. 36 at 4).

In sum, Plaintiff has not provided any reason why the Court should rule differently than it did in June. To be sure, more than five additional months have passed, and it has now been well over a year since the case was filed. The Court will not tolerate prolonged delays without good cause. But here, given that one of the pending motions challenges the Court's jurisdiction to hear the case, any discovery in the intervening weeks could turn out to be a waste of time and resources if the motion is granted. Moreover, the

discovery stay that Defendant requests is likely to be short as the pending motions are both due to be ripe for review no later than January 6, 2022, and the Court will, as always, rule on them in due course.

      **IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (Doc. 44) is **granted**. Discovery shall be stayed until the Court rules on the pending Motion to Strike (Doc. 43) and Motion to Dismiss (Doc. 45).

      Dated this 10th day of December, 2021.

Honorable Steven P. Logan
United States District Judge